1  Julia Reed Zaic, Bar No. 224671
   julia@hrzlaw.com
2  **HEAVISIDE REED ZAIC**
3  312 Broadway Street, Suite 203
   Laguna Beach, CA 92651
   Telephone: (949) 715-5120
4  Facsimile: (949) 715-5123
5
   Ramon Rossi Lopez, Bar No. 86361
6  rlopez@lopezmchugh.com
   **LOPEZ McHUGH LLP**
7  100 Bayview Circle, Suite 5600
   Newport Beach, CA 92660
8  Telephone: (949) 737-1501
   Facsimile: (949) 737-1504
9
10 *Attorneys for Plaintiff, JANE DOE*

11 Brian L. Hoffman, Bar No. 150824
   Katherine J. Brinson, Bar No. 266091
12 Ashley D. Stein, Bar No. 305094
   **WOOD, SMITH, HENNING & BERMAN LLP**
13 bhoffman@wshblaw.com
   kbrinson@wshblaw.com
14 astein@wshblaw.com
   10960 Wilshire Blvd, 18th Floor
15 Los Angeles, CA 90024
   Phone: (310) 481-7600
16 Fax: (310) 481-7650

17 *Attorneys for Xytex Corporation and Xytex Cryo International, LTD*

*NOTE CHANGES MADE BY THE COURT*

*NOTE CHANGES MADE BY THE COURT*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual, | Case No.:2:16-cv-06621-JAK-AGR |
| Plaintiff, | {Assigned to Judge John A. Kronstadt; Magistrate Judge Alicia G. Rosenberg} |
| v. | |
| XYTEX CORPORATION, a Georgia Corporation; XYTEX CRYO INTERNATIONAL LTD., a Georgia Corporation; and DOES 1-25, inclusive, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| Defendants. | FPTC Date: March 5, 2018<br>Trial Date: March 20, 2018 |

///

The parties to the above matter, Plaintiff Jane Doe and Defendants Xytex Corporation and Xytex Cryo International, LTD, through their respective counsel of record, hereby stipulate to the following protective order ("Stipulated Protective Order") regarding the disclosure of "Confidential" information, as follows:

1.

This Stipulated Protective Order governs all "Confidential" information disclosed by the discovery undertaken in the above captioned matter by the parties to this Stipulation.

2.

Definitions:

(a) "Producing Party" means the party, or the person or entity other than a party, being asked to produce documents or information considered by that party, person, or entity to be Confidential Material, and includes a party asserting a confidentiality interest in information produced by others.

(b) "Receiving Party" means that party/person/entity that receives or requests the production of Confidential Material.

(c) "Party" or "Parties" means any party to this action, including all of its agents, counsel, officers, directors, employees, consultants, retained experts, and their support staffs.

(d) "Confidential" and/or "Confidential Material" means all information produced by the Producing Party to the Receiving Party in discovery, whether or not embodied in any physical medium, including all originals and copies of any documents and/or information, used by the Producing Party in or pertaining to its business, or information pertaining to third-party privacy interests, which information the Producing Party reasonably and in good faith believes contains or concerns confidential, non-public, proprietary and/or sensitive information, including but not limited to, licensing, distribution, marketing and financial data, personnel records and information, "Protected Health Information" (PHI) as defined by HIPAA, non-

Case 2:16-cv-06621-JAK-AGR Document 45 Filed 03/14/17 Page 3 of 22 Page ID #:613

public submissions and communications with governmental agencies, proprietary or nonpublic commercial information, proprietary information, intellectual property, including trade secret information, information involving privacy interests, and commercially and/or competitively sensitive information of a nonpublic nature, or received on a confidential basis. Confidential Material shall include "Identifying Information" of either or both of the plaintiffs, defined to include the following: (i) the name, address, or other contact information of a plaintiff or any of her immediate family members (including any child, spouse or partner); (ii) any personal identifier, including but not limited to social security numbers, of a plaintiff or any of her immediate family members (including any child, spouse or partner); (iii) any other indirect identifiers, including but not limited to date of birth, place of birth, and mother's maiden name, of a plaintiff or any of her immediate family members (including any child, spouse or partner); and (iv) other information that, alone or in combination, is linked or linkable to a plaintiff that would allow a reasonable person to identify the plaintiff or any of her immediate family members (including any child, spouse or partner). Confidential Material shall also include any summaries or portions of documents created or derived from original documents deemed confidential under this Stipulated Protective Order (hereinafter known as "Confidential Material").

(e) "This Action" means all proceedings in the case of Doe v. Xytex, et al., United States District Court, Central District of California, Case No. 2:16-cv-06621-JAK-AGR. "This Court" specifically refers to the United States District Court, Central District of California, Judge Kronstadt, presiding.

3.

Counsel and other persons to whom Confidential Material is disclosed shall not use such material or any information contained thereon for any business, commercial, competitive media or any other purpose other than trial preparation, trial, and appeal of This Action. Specifically, Confidential Material shall not be provided to, discussed with

Case 2:16-cv-06621-JAK-AGR Document 45 Filed 03/14/17 Page 4 of 22 Page ID #:614

or in any manner referred to in response to any media inquiry including but not limited to any newspaper, radio, television or internet source.

4.

Identifying Information shall not be disclosed in any conference, proceeding, deposition, or written discovery response (excluding documents produced in response to a Request for Production of Documents), ~~court filing, or trial~~ in this litigation. ~~or other litigation.~~ Further, Identifying Information shall not be disclosed in any communications between the parties or between any person subject to this order. Rather, Plaintiffs' counsel shall disclose, in a single email to Defendants' counsel, Plaintiffs' real names, names of their children, (and the pseudonym specifically assigned to each) dates of birth, addresses, social security numbers, and name of spouse and/or partner. This email, and the information therein, constitutes Identifying Information pursuant to this Order and shall be treated as such. Plaintiffs' pseudonyms shall be used in place of Plaintiffs' real names in all conferences, proceedings, depositions, filings, communications, and written discovery responses. Documents produced in discovery need not be redacted to exclude Identifying Information, but shall be marked confidential pursuant to Paragraph 12 of this Order. If it is necessary for a deponent to know Identifying Information for the purpose of a deposition, the Identifying Information shall be disclosed to the deponent off the record, and the deponent shall be provided with a copy of this Order and shall be informed of his or her obligation not to disclose the Identifying Information on the record or otherwise.

 (AGR initials)

5.

***Under no circumstances*** shall any party, or any other person who obtains Identifying Information pursuant to this Order, disclose or allow to be disclosed Identifying Information to the sperm donor in this case, James Christian Aggeles, or to anyone who represents him.

6.

No copies, extracts or summaries of any Confidential Material shall be made

except by or on behalf of counsel for the purposes of trial preparation, trial, and appeal of This Action. All such copies, extracts or summaries shall be designated and treated as Confidential Material, and none shall be delivered, exhibited, or disclosed to any person except as provided herein.

7.

Confidential Material may be inspected by or disclosed to the following "Qualified Persons":

(a) Parties, counsel for the Parties, paralegal assistants to counsel, and clerical employees of counsel engaged in the preparation of This Action;

(b) Deponents during the course of their depositions in This Action and deposition notaries and staff (except that Identifying Information shall not be disclosed on the record at any deposition);

(c) Independent experts, consultants, and advisors employed or retained by counsel to perform investigative work, research, analysis, or other services necessary to the preparation of This Action;

(d) Parties, executives, officers and employees of a party engaged in assisting counsel in this litigation, and insurance claims adjusters and other insurance claims personnel, but only to the extent such material is relevant to said person's work on This Action;

(e) To this Court or any other Court having jurisdiction over this Action or discovery procedures in This Action;

(f) Any person designated by the Court having jurisdiction over discovery procedures in this Action;

(g) Any court reporter or typist recording or transcribing testimony in this Action and any outside reproduction firm; and/or

(h) Any person who was the author, recipient or copy recipient of a document for the purpose of interrogation of such person at trial, by deposition, or during the course of preparation for trial or deposition; provided, however, that Identifying

Case 2:16-cv-06621-JAK-AGR Document 45 Filed 03/14/17 Page 6 of 22 Page ID #:616

Information shall not be disclosed in any conference, proceeding, deposition, written discovery response, court filing, or trial.

8.

In order to protect Plaintiffs' Identifying Information from disclosure to third parties, Plaintiffs agree that, in response to a discovery request seeking documents, including hospital records, medical records, phone records, school records, child care records, employment records, and bankruptcy records, Plaintiffs shall not object on the ground that the documents are not within Plaintiffs' possession, custody, or control, and, absent other objection, shall make reasonable efforts to search for, obtain, and produce responsive, non-privileged documents to Defendants. In so agreeing, Plaintiffs do not waive any other objection they may have to the production of these or any other documents.

9.

Before any Confidential Material is disclosed to any of the persons described in Paragraph 7 (c), (d), or (h) above, each person to whom disclosure is made must first sign a copy of the acknowledgment attached hereto as Exhibit A. A copy of each such signed acknowledgment shall be provided to opposing counsel within ten [10] days of such person being designated as an expert witness anticipated to testify at the trial of this case, or in the instance of any such person who is not designated as anticipated to testify at the trial of this case, then within ten [10] after the final determination of This Action, i.e. final judgment, final appellate decision, expiration of appeal deadline without appeal, settlement, or other final conclusion of This Action.

10.

By signing a copy of said acknowledgment, each such person and their client(s) agrees to be bound by the terms of this Stipulation and Order and submits to the jurisdiction of the Court having jurisdiction over this Action for appropriate proceedings and for the imposition of sanctions, if ordered by the Court, in the event of a breach of the provisions of this Stipulation and Order.

AGR

11.

Counsel and other persons to whom Confidential Material is disclosed shall be permitted to share such materials and information with counsel or parties in other actions involving Xytex Corporation and/or Xytex Cryo International, LTD. Such shared Confidential Material may only be shared with counsel or parties in other such actions that have in place a comparable Stipulated Protective Order that contains the same material terms as provided in this Stipulated Protective order in This Action.

The above described sharing of information shall not apply to Confidential Material identified by Xytex' counsel as "Financial Information," which is information that reveals the assets, income, or other financial condition of Xytex Corporation and/or Xytex Cryo International, LTD. Such information shall be labeled on the face of each such document as "Financial Information" in addition to "Confidential." Such Financial Information shall not be shared among counsel or parties in other actions, but shall instead only be held and reviewed by the counsel or parties to whom it is directly produced by counsel for Xytex. Such Financial Information may be shared among counsel or parties in other actions, but only by:

A) Written agreement of the counsel in This Action agreeing to such production;

B) Court order requiring such production; or

C) Production which Xytex hereby agrees to make no less than thirty (30) days before a scheduled mediation(s), or if mediation(s) is scheduled to occur less than thirty (30) calendar days from when it is confirmed, then within three business (3) days of the date the parties confirm the mediation date. The sharing of Financial Information produced based on the above shall be limited to the attorneys in those cases that will be participating in the scheduled mediation(s).

Xytex Corporation and/or Xytex Cryo International, LTD reserve all rights to object to and/or otherwise contest the production of such Financial Information consistent

with applicable law. Consent to this Consent Protective Order shall not operate in any way to waive, diminish, or otherwise reduce the protections of Financial Information ordinarily afforded Xytex Corporation and/or Xytex Cryo International, LTD under applicable law.

12.

Designation of Confidential Material:

(a) Documents Produced. Any Producing Party may, in good faith, designate Confidential Material contained in a document or thing produced in discovery pursuant to this Stipulated Protective Order by doing the following. For things produced in discovery that are not in documentary form, the Producing Party may designate Confidential Material by marking the thing as "CONFIDENTIAL" or by designation, in writing or email, identifying the Bates stamp number which has been assigned to the thing.

For information in documentary form (e.g. paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall include the term "CONFIDENTIAL" on each page that contains Confidential Material, by Bates stamp, watermark, or other visible labeling means on the face of each such document. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the confidential portion(s) (e.g., by making appropriate markings in the margins).

(b) Exercise of Restraint and Care in Designating Confidential Material. Producing Parties must take care to limit any such designation to specific material that qualifies as confidential under the appropriate standards. The Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

*[Handwritten insertion at top: "to the extent not already provided in Fed. R. Civ. P. 5.2 and Local Rule 5.2,"]*

If it comes to a Producing Party's attention that information or items that it designate as Confidential Material for protection do not qualify or no longer qualify for protection, that Producing Party must promptly notify all other Parties that it is withdrawing the "Confidential" designation.

(c) Filing Confidential Material. Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material. A Party that seeks to file under seal any Confidential Material must comply with the rules and local rules of This Court. However, ~~notwithstanding this provision,~~ *[handwritten: a party may seek an order that and that]* Identifying Information may not be filed in the public record or under seal. If a party wishes to file a document containing Identifying Information, the party shall redact such Identifying Information so that the document contains no Identifying Information.

In addition, a Party who seeks to file a document with the Court that contains, refers to, or attaches Confidential Material (other than Identifying Information, which may not be filed) shall do so consistent with the rules and local rules of This Court.

(d) Depositions. With the exception of Identifying Information, which shall not be disclosed on the record at any deposition or other court proceeding, any Producing Party may, in good faith, designate confidential information or documents disclosed during a deposition in this Action by indicating on the record at the deposition that the entire deposition testimony, or any specified part of the testimony given or to be given, and/or all or any part of the document or thing marked for identification at such deposition is Confidential Material subject to the provisions of this Stipulated Protective Order. In the case of deposition testimony, confidentiality designations shall be made by email to all parties within thirty [30] days after the transcript has been received by counsel making the designation and shall specify the testimony being designated "Confidential" by page and line

number(s). Producing Party may designate deposition testimony as "Confidential" by indicating on the record at the deposition, by making written designations or both, and the failure of Producing Party to make designations on the record during deposition testimony shall not be considered a waiver. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. Until the expiration of such thirty [30] day period, the entire text of the deposition, including all testimony therein and exhibits thereto, shall be treated as Confidential under this Stipulated Protective Order.

When Confidential Material is incorporated in a transcript of a deposition, ~~hearing, trial or other court proceeding,~~ counsel for the Party presenting the Confidential Material shall arrange for the court reporter to bind the confidential portions of such transcript separately and to label such portion of the transcript as "CONFIDENTIAL." When Confidential Material will likely be presented, quoted or referred to in a deposition, ~~hearing, trial, or other court proceeding,~~ a Party shall have the right to make arrangements or, when appropriate, to make such requests of the Court as necessary, in order to ensure that only Qualified Persons are permitted access to such Confidential Material are present during said presentation, quotation, or reference. Nothing in this Order shall preclude use of Confidential Material during trial of this Action and the Court will address any issues relating to use of Confidential Material as part of the trial proceeding at the commencement of any trial or at any such other time as decided by the Court.

If Identifying Information is inadvertently disclosed on the record at any deposition, ~~or other court proceeding,~~ such Identifying Information shall be stricken from the record.

(e) Interrogatories. Any party may, in good faith, designate Confidential Material contained in a response to an interrogatory by designating the responses "Confidential" or the Responding Party otherwise shall be advised in writing of such confidential status, and the information may be served and filed in a separate

document if desired. Plaintiffs' pseudonyms, and not Plaintiffs' real names, shall be used in any interrogatory, interrogatory response, or other written discovery request or response.

(f) Notwithstanding the above provisions, all documents and information containing Plaintiffs' Identifying Information shall be considered to be, and treated as, Confidential, regardless of whether such documents or information have been designated as such. In other words, all documents and information containing Identifying Information are automatically considered to be Confidential, and shall be treated as if they were designated Confidential.

13.

Within thirty [30] days of the final determination of This Action, all persons to whom documents containing Confidential Material have been disclosed (excluding the court and all court personnel) shall return all such documents to counsel who originally so designated such documents. In the event the Confidential Material was transmitted or otherwise exists in email or other electronic format, all such e-mails and/or electronic files, backup files, and any other electronic copy or version of the Confidential Material shall be deleted and also deleted from a computer or server's trash folder, and in the case of e-mail deleted from the email's deleted folder. The purpose and intent of this requirement is that all such Confidential Material be returned to counsel who originally so designated such Confidential Material or destroyed in a manner so the Confidential Material may no longer be retrieved or accessed by the Receiving Party.

14.

Disclosure of any document or other information under a claim that it constitutes or contains Confidential Material shall not be a waiver of any right or a relinquishment of any confidentiality claim as to said document or information as to third parties.

15.

This Stipulation and Order is intended solely to facilitate the preparation and trial of This Action, or any appeal therefore, and nothing herein shall be construed as an

LEGAL:10386-0040/7018454.1                                11

admission or agreement by any party that Confidential Material designated hereunder constitutes confidential or proprietary material.

16.

Any party to This Action may, at any time, request the modification or termination of this Order; however, to do so the party(s) seeking modification or termination of this Order ("Moving Party") must provide notice to the other parties, the parties shall attempt to agree on a modification or termination, and the Moving Party must file a motion, according to the timeline outlined in Paragraph 19. The parties hereby acknowledge and agree that this Stipulated Protective Order was extensively and thoughtfully negotiated by the parties prior to its stipulation and entry. If any one or more parties object to the modification or termination of this Order, this Court shall not modify or terminate this Order absent a finding that the Moving Party will suffer extreme injury or prejudice in the trial preparation, trial, and/or appeal of This Action absent modification or termination of this Order. In the event this Court does find grounds to modify or terminate this Order, the Court shall modify or terminate this Order in a manner so as to have as minimal an impact as possible on the original individual and collective terms and conditions of the Order.

17.

Claims of Inadvertent Production:

(a) The inadvertent production of either attorney-client privileged material, attorney work product, or Confidential Material does not constitute a waiver of any privilege or right to claim the privileged or confidential status of the documents, materials, or information produced.

(b) If a Party inadvertently produces attorney-client privileged or work product protected material in This Action, the Producing Party shall promptly make a good-faith representation that such production was inadvertent and take prompt remedial action to withdraw the disclosure. Within three [3] business days of receiving a written request to do so from the Producing Party, the Receiving Party

Case 2:16-cv-06621-JAK-AGR Document 45 Filed 03/14/17 Page 13 of 22 Page ID #:623

must return, sequester, or destroy the specified information and any copies it has. Thereafter, the Receiving Party must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved.

(c) A Party that discovers it has received materials designated as or that appear by their plain terms to be subject to the attorney-client privilege or work product protection shall immediately disclose the materials to the Producing Party and inquire whether the production of the materials was inadvertent. Within ten [10] calendar days of that disclosure, Producing Party must notify the Receiving Party in writing whether the production was inadvertent. If the Producing Party does not respond within ten [10] calendar days, the Producing Party waives all attorney-client privilege or work product protection with respect to the particular materials identified. During the ten [10] day period, counsel for the Receiving Party shall retain all copies of the materials and shall not disclose, disseminate, analyze, reference or otherwise use the materials.

(d) Should the Parties be unable to agree upon the return of such documents and information because of a good faith argument that no privilege or work product protection is applicable, the Party asserting the privilege or work product protection shall have the burden of establishing the privilege or work product protection upon application or motion to the Court. If the document or information is returned to the Producing Party or upon order of the Court, and if the production was inadvertent, the production of the document or information shall not constitute a waiver of any privilege or work product protection as to the specific document or information.

(e) A Party objecting to an assertion of the attorney-client privilege or work product protection, nevertheless, shall comply with this Order herein pending resolution of

the objection.

18.

Nothing in this Order shall be deemed to preclude the Parties from seeking permission of the Court to release information designated as Confidential Material under the protective order on the ground that it is not confidential. The procedure for doing so is contained in Paragraph 19, below. If the Parties seek to file a motion on this issue, the Parties agree the other may, with court approval, file such a motion on shortened time, but only if such motion on shortened time is to be filed within sixty [60] days of trial.

19.

<u>Challenge of Designation</u>:

If a Receiving Party disputes a claim of confidentiality as to any information designated as "Confidential," the following process shall be followed by the respective parties:

(a) The Receiving Party shall initiate the challenge of designation process by providing written notice of each designation it is challenging, identifying the specific page(s) by Bates number(s), deposition page number, or deposition exhibit number, and describing the basis for each such challenge(s). The date of receipt of deposition(s) and/or deposition exhibit(s) that are deemed Confidential Material shall be the date the parties receive the email of designation(s) from the Producing Party described in Paragraph 12(d). To avoid ambiguity as to whether a challenge(s) to Confidential Material has been made, the written notice must recite that the challenge(s) to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. Such notice shall be made via email copied to counsel for all parties to the case. The date the Receiving Party sends the email shall be the "Trigger Date," so long as it is received by counsel for the Producing Party by 5:00 p.m. local time; otherwise the Trigger Date will be deemed to be the next business day.

(b) Within seven [7] days of the Trigger Date, counsel for the parties shall attempt to

resolve each challenge in good faith by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with one another. In conferring, the Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Receiving Party may proceed to the next stage of the challenge process only if it has timely engaged in this meet and confer process first, or establishes that the Producing Party is unwilling to participate in the meet and confer process in a timely manner, which shall be not less than seven [7] days following the Trigger Date.

(c) If the above meet and confer does not resolve the challenge(s), then Receiving Party must send email notice, copied to counsel for all parties to the case, which states that the Receiving Party and Producing Party have reached an impasse regarding the confidentiality designation of specific Confidential Material. To avoid ambiguity as to whether the challenge(s) continues, the email must recite that it is sent in accordance with this specific paragraph of the Stipulated Protective Order. The email must designate by Bates number(s) or deposition page(s) and/or exhibit number(s) each page of Confidential Material for which the challenge continues.

(d) For Confidential Material that is *not* alleged by any party to contain Identifying Information, if the Parties cannot resolve the challenge(s) without court intervention, then within twenty-one [21] days of the Trigger Date, the Producing Party shall file and serve a motion to retain confidentiality of the specific Confidential Material that remains challenged. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in Paragraph 19(b). Failure by the Producing Party to make such a motion including the required declaration within

forty-five [45] days of the Trigger Date shall automatically waive the confidentiality designation for each challenged designation, the "Confidential" designation will be removed from the challenged designation materials only, and the materials at issue will no longer be subject to this Stipulated Protective Order. In any such challenge proceeding, the burden of persuasion that the material designated "Confidential" or "Confidential Material" shall be on the party designating the information as confidential. Unless the Producing Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

(e) For Confidential Material that *is* alleged to contain Identifying Information, if the Parties cannot resolve the challenge(s) without court intervention, then within twenty-one [21] days of the Trigger Date, the party challenging the designation of Identifying Information shall file and serve a motion to remove confidentiality of the specific Identifying Information that remains challenged. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in Paragraph 19(b). In any such challenge proceeding, the burden of persuasion shall be on the party challenging the designation of the information as containing Identifying Information. All parties shall continue to afford the material in question the level of protection to which it is entitled under the designation of Identifying Information until the court rules otherwise.

20.

By agreeing to this Protective Order, Plaintiff does not waive any right to seek reasonable accommodation from the Court, in advance of and in connection with any public hearing, including trial, in order to protect public disclosure of her and her child(ren)'s Identifying Information.

21.

Defendants shall not inquire into Plaintiff's knowledge about the identities of other individuals who have sued Defendants under pseudonyms.

22.

Upon execution of this Stipulation by the Parties hereto, the Order set forth herein may be filed with the Court by any party hereto for entry by the judge presiding over This Action, and such filing will be served on all counsel of record with a certificate of service notifying all counsel of filing.

23.

To the extent any party fails or refuses to consent to this Stipulated Protective Order, and/or to the extent any party makes production of Confidential Materials prior to the entry of this Stipulated Protective Order or other protective order by the Court, that shall not change the duties and obligations of the parties who have consented to this Stipulated Protective Order regarding the Confidential Materials described above, and all such duties and obligations shall be deemed to be in full force and effect between and among the parties who did consent to this Stipulated Protective Order. In such instance, Producing Party will withhold the Confidential Materials from any party that does not consent to the Stipulated Protective Order, and will file a Motion for Protective Order with the Court seeking to enforce these terms on any non-consenting party. In the event Producing Party files a Motion for Protective Order, no other party that consented to the Stipulated Protective Order will object to or otherwise oppose the Motion for Protective Order.

///
///
///
///
///
///

24.

It is hereby acknowledged and agreed that this Stipulated Confidentiality Agreement was drafted through the participation and editing of all parties hereto and that no specific party shall be deemed the drafter of the document. No party shall enjoy any inferences regarding any ambiguities of the document based on another party being deemed the drafter.

SO ORDERED THIS 20th day of March, 2017.

*Alicia G. Rosenberg*

Magistrate Judge

SO STIPULATED BY THE FOLLOWING PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD:

/s/ Julia Reed Zaic
Julia Reed Zaic (#224671)
**HEAVISIDE REED ZAIC**
312 Broadway, Ste 203
Laguna Beach, CA 92651
949-715-5120
949-715-5123 (f)
Julia@hrzlaw.com
salbers@hrzlaw.com

*Attorneys for Plaintiffs Jane Doe*

/s/ Katherine J. Brinson
Katherine J. Brinson (SBN266091)
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

*Attorneys for Defendants Xytex Corporation and Xytex Cryo International, Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>XYTEX CORPORATION, a Georgia Corporation; XYTEX CRYO INTERNATIONAL LTD., a Georgia Corporation; and DOES 1-25, inclusive,<br><br>　　　　　Defendants. | Case No.:2:16-cv-06621-JAK-AGR<br><br>{Assigned to Judge John A. Kronstadt; Magistrate Judge Alicia G. Rosenberg}<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

1. I, _____, have read the foregoing Stipulated Protective Order entered by the Court in the above-cited action. I/my firm have been retained by _____ (name of party) in the following capacity in this litigation: _____.

2. I hereby agree, on behalf of myself and those in my firm, that if any "Confidential" material as described in the within Stipulated Protective Order is provided to me/my firm in this litigation, or if I have earlier been provided with such material, I

and those in my firm will maintain that information as "Confidential", will not disclose it to any other individuals or entities, and will otherwise comply with all provisions of the within Stipulated Protective Order which apply to those who receive "Confidential" material.

      3.     Consistent with Paragraph 13 of the Stipulated Confidentiality Agreement, within thirty [30] days of receipt by me/my firm of notice of the final conclusion/determination of these proceedings, I/my firm will return all such documents to the party or counsel which provided the material to me/my firm with the understanding they will thereafter return the material to counsel for the party which originally designated the material "Confidential", as provided by the terms of the within Stipulated Protective Order. In the event the Confidential Material was transmitted or otherwise exists in email or other electronic format, all such e-mails and/or electronic files, backup files, and any other electronic copy or version of the Confidential Material shall be deleted and also deleted from all computers or servers' trash folder, and in the case of e-mail, also deleted from the email's deleted folder. The purpose and intent of this requirement is that all such Confidential Material be returned to counsel who originally so designated such Confidential Material or destroyed in a manner so the Confidential Material may no longer be retrieved or accessed by the Receiving Party.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed this _____ day of _____, 20_____

                    By: _____
                    On Behalf Of: _____